UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                                                      Case No.:   2:17-cr-82-SPC-CM-2

TORY DENARD CARNEGIE
_____/

# ORDER

Before the Court are Defendant Tory Denard Carnegie's pro se Motion for Early Termination of Supervised Release (Doc. 137), and the Government's opposition (Doc. 139).

In 2018, the Court sentenced Defendant to 97 months of imprisonment and 5 years of supervised release for conspiring to distribute several kinds of drugs and possession of a firearm by a convicted felon. (Doc. 131). Defendant has served his prison sentence and states that he has been on supervised release since March 17, 2023. (Doc. 137 at 2). But he now asks the Court to end his supervised release early for various reasons, including not having new contact with law enforcement and cooperating with the United States Probation Office ("USPO"). (*Id.*). He explains that he has made a positive contribution to society. He completed an FDOT Approved Temporary Traffic Control Advanced Course, worked for DeAngelo Contracting Services, and has

volunteered with the City of Fort Myers Recreation Division. (*Id.*). He also expresses remorse about his crimes. (*Id.* at 3).

In his motion, Defendant states that his "supervising probation officer has been notified of this motion and does not object to the early termination of supervised release based on his exemplary conduct." (*Id.* at 3). This is not true. The Government consulted with U.S. Probation Officer Abby Channell, who informed the Government that she opposes his request. (Doc. 139 at 1). Thus, both the Government and the USPO oppose the motion.

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The relevant § 3553(a) factors are (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.

After considering the law against the record, the Court will not end early Defendant's supervised release for two reasons. First, he committed serious crimes. Defendant (and his co-conspirator Terrance Leon Peterson) had drug connections in several states, including California and Florida. They conspired to distribute heroin, cocaine, and other drugs in the Fort Myers area. Further, Defendant possessed two firearms and ammunition during the time frame of the conspiracy, despite having been convicted of attempted second degree murder with a firearm. So the seriousness of his offense and the need to protect the community from drug trafficking alone justify his continued supervision.

Second, Defendant has completed less than two of his five years of supervised release. The USPO and the Government oppose his motion solely because "he has served an inadequate portion of his supervised release." (Doc. 139 at 1).

The Court thus finds that keeping Defendant on supervised release is in the best interests of justice, Defendant, and the public.

Accordingly, it is

**ORDERED**:

Defendant Carnegie's pro se Motion for Early Termination of Supervised Release (Doc. 137) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 18, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4